Churchill *v.* Stone.

[THIRD DEPARTMENT, GENERAL TERM, at Ogdensburgh, November 1, 1870. *Miller*, P. J., and *Potter* and *Parker*, Justices.]

———•●•———

### D. and L. CHURCHILL *vs.* STONE, administratrix, &c.

Money was paid by the plaintiffs' assignors to S., in order that such assignors might become members of an association of which S. was president; but there was no evidence, or finding, that they ever did become such members. Subsequently the association was dissolved. *Held* that the money having been paid for an object that was never accomplished, and which it had become impossible to accomplish, S., or his administrator, was bound to refund the same.

Where exceptions are taken, upon the trial, or after its close, to findings and refusals to find, by the referee, but upon the brief and argument on appeal, no point is taken upon such rulings, the court may assme that they are waived, or not relied upon by the appellant.

THE defendant appeals from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action is for the recovery of money. The first count claims $300, "paid and advanced" April 9, 1866, by

Churchill *v*. Stone.

the plaintiffs, to S. S. Stone, the defendant's intestate. The second count claims $300 " lent and advanced " at the same time by the Troy National Paper Company to Stone. The third count is for $300, " had and received " by Stone, from Henry J. White. And the fourth count is upon an alleged indebtedness of Stone to Josiah Rowe, for money " had and received." The plaintiffs claim as assignees of the last three demands.

*W. A. Beach,* for the appellant.

*J. H. Reynolds,* for the respondent.

*By the Court,* POTTER, J. The advance of money by the assignors of the plaintiffs to the defendant's intestate was sufficiently proved to sustain the finding of the referee. The defense was, that these advances were made to the defendant's intestate as president of an association, called "The United States Paper Collar Manufacturing Association," and that it was a simple partnership, for a single enterprise; that it partook of all the characteristics of a business firm, having no organization under legislative authority; and that an action at law cannot be maintained against a copartner, in regard to partnership matters, without a balance struck, and a promise to pay. The answer of the defendant admits, and the evidence confirms it, that each of the assignors of the plaintiffs paid the defendant's intestate, as president of such association, the sum of $300. The answer further alleges, that the money was actually expended in and about the business of such association or copartnership. If this answer was true, it would seem to leave but two questions or issues to be determined by the referee; to wit: 1st. The question of fact, whether the money, or part of it, had been actually expended in the business of the association; and, 2d. The question of law, whether an action could be maintained by one co-

Churchill *v.* Stone.

partner, against his associate, before an accounting and balance struck.

The referee does find as a fact, that such an association or copartnership as "The United States Paper Collar Association," was formed, and there was evidence that the said several sums so assigned were paid that each party might become a member of a certain association, but there is no finding that the plaintiffs' assignors ever became members of such association. The referee did find as a question of fact, that "The United States Paper Collar Association" was dissolved on the 15th of March, 1866. Unless these findings of fact are erroneous, it follows that these sums of money were paid for an object that was never accomplished, and that after it became impossible to carry out the object, the defendant's intestate failed to return to the plaintiffs' assignors the sums they so paid him. Therefore, even if the defense set up was a good legal defense, it fails of being sustained by evidence, and the judgment must be affirmed, unless the referee committed some error on the trial for which it can be reversed.

The case shows that several exceptions were taken upon the trial, or after its close, to the findings and refusals to find by the referee; but upon the brief and argument, no point is taken upon such rulings, and the court, in such case, may assume that they are waived or not relied upon by the party appealing. The facts found seem to have evidence to sustain them, and there was some conflict, as to which this court cannot discuss the weight of the evidence. I think the judgment must be affirmed.

Judgment affirmed.

[THIRD DEPARTMENT, GENERAL TERM, at Ogdensburgh, November 1, 1870. *Miller*, P. J., and *Potter* and *Parker*, Justices.]